ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| IDA SEPÚLVEDA NAVARRO, LEYLA REYES SEPÚLVEDA Y JOSÉ A. REYES SEPÚLVEDA<br><br>Recurridos<br><br>V.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, MAPFRE PRAICO INSURANCE COMPANY<br><br>Peticionarios | KLCE202401386 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV01411<br><br>SOBRE: Daños y perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de enero de 2025.

Comparecen ante este foro intermedio la Autoridad de Acueductos y Alcantarillados y su aseguradora Mapfre Praico Insurance Company (en conjunto, peticionarias) mediante el presente recurso y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Caguas (TPI) el 23 de septiembre de 2024 y notificada el 25 de septiembre de 2025.

Adelantamos que, en el ejercicio de nuestra discreción, denegamos expedir el auto de *certiorari* presentado.

**I**

El 3 de mayo de 2022, la señora Ida Sepúlveda Navarro(Sra. Sepúlveda Navarro), la señora Leyla Reyes Sepúlveda y el señor José A. Reyes Sepúlveda (en conjunto, recurridos) presentaron una *Demanda* por concepto de daños y perjuicios ante el TPI a raíz de una caída sufrida por la Sra. Sepúlveda Navarro.[1] Luego de las peticionarias contestar la *Demanda*, estas presentaron una *Moción de Desestimación* donde alegaron que el Estado Libre Asociado de Puerto Rico (ELA), a través del

---

[1] Apéndice del recurso, págs. 1-6.

Número Identificador

RES2025_____

Departamento de Transportación y Obras Públicas (DTOP), es el dueño del área donde ocurrió el daño y, por lo tanto, es quien incurre en responsabilidad. Por tal motivo, plantearon que el ELA y la DTOP figuraban ser partes indispensables, y al estas no estar incluidas en el pleito, procedía su desestimación.[2] El 25 de septiembre de 2024 el TPI declaró No Ha Lugar la *Moción de Desestimación*.[3] Luego de las peticionarias haber sometido un escrito titulado *Solicitud de Reconsideración de Resolución de 23 de septiembre de 2024*, el TPI de igual manera declaró No Ha Lugar dicha solicitud el 14 de noviembre de 2024 mediante *Resolución*, la cual fue notificada el 23 de noviembre de 2024.[4]

Inconforme con lo anterior, el 26 de diciembre de 2024, las peticionarias oportunamente presentaron el recurso de epígrafe con los siguientes señalamientos de errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI) AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN POR FALTA DE PARTE INDISPENSABLE ELA/DTOP PRESENTADA POR LA AAA[.]

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI) AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN PRESENTADA POR LA AAA[.]

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI) AL NO EXPRESAR LOS FUNDAMENTOS PARA DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN POR FALTA DE PARTE INDISPENSABLE ELA/DTOP, ASÍ COMO LA SOLICITUD DE RECONSIDERACIÓN, AMBAS PRESENTADAS POR LA AAA[.]

Prescindimos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).[5]

**II**

**A**

---

[2] Apéndice del recurso, págs. 33-37.
[3] Apéndice del recurso, págs. 42-43.
[4] Apéndice del recurso, págs. 121-122.
[5] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7(B)(5).

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR, supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*.

**B**

El planteamiento de parte indispensable se puede presentar "en cualquier momento, es decir, que se puede presentar por primera vez en apelación, e incluso un tribunal apelativo puede suscitarlo *sua sponte*, ya que, en ausencia de parte indispensable, el tribunal carece de jurisdicción sobre la persona". *García Colón et al. v. Sucn. González,* 178 DPR 527, 548 (2010); *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005). Lo que, a su vez, deroga la autoridad del tribunal para intervenir en los procedimientos acorde a la norma de abstención judicial.

De este modo, el mecanismo de acumulación de parte indispensable está regulado por la Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, la cual dispone lo siguiente: "Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada". Así las cosas, "una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos". *García Colón v. Sucn. González*, 178 DPR 527, 548 (2010).

De igual modo, nuestro más Alto Foro define una parte indispensable como aquella parte **"de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos".** (Énfasis nuestro.) *Id.* Por consiguiente, para determinar si se trata de una parte indispensable se requiere llevar a cabo un enfoque pragmático. *García Colón et al. v. Sucn. González,* a la pág. 549. La norma vigente es que se requiere un análisis particularizado a la luz de las circunstancias de cada caso; no se favorece la aplicación de "una fórmula con pretensiones omnímodas". (Énfasis

nuestro.) *Id.,* a la pág. 550. Por tanto, debemos realizar un análisis juicioso en el que debemos incluir la determinación de los derechos del ausente, así como de las consecuencias de no unirlo como parte. *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 512 (2015).

En ese sentido, los intereses de esa parte "podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio". *García Colón et al. v. Sucn. González,* a la pág. 549, que cita a *Fuentes v. Tribl. de Distrito,* 73 DPR 959, 981 (1952). A tal efecto, el interés de que se trata no es cualquier interés en el pleito, tiene que ser de tal orden que impida producir un decreto sin afectarlo. *García Colón v. Sucn. González,* a la pág. 549, que cita a *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005). A esos fines, "si la parte es indispensable, dicha parte tiene que ser traída al pleito por la parte demandante, porque no hacerlo constituye una violación del debido proceso de ley". *Id.* Por tanto, ante la violación al debido proceso de ley que acarrea el reconocimiento de la ausencia de una parte indispensable, lo que procede es desestimar la acción. *Romero v. S.L.G. Reyes,* 164 DPR 721, 734 (2005).

**III**

Las peticionarias exponen tres señalamientos de errores que, por estar íntimamente relacionados entre sí, serán atendidos en conjunto. En esencia, alegan que el TPI erró al no desestimar la causa de acción que tiene ante sí por entender que hacía falta una parte indispensable. Al respecto, indican que dicha parte indispensable se trata del Estado Libre Asociado, por conducto del DTOP, al este ser el dueño del área donde ocurrieron los daños. Es decir, que se trata de una parte que puede ser hallada como cocausante del daño o como el único causante de este. No obstante, el pleito que se ventila tiene como controversia el determinar si las peticionarias incurren o no en responsabilidad. Dicha causa de acción es independiente de la posible acción que los recurridos puedan tener ante el ELA y el DTOP. Por consiguiente, no se trata de una parte de la cual no

se puede prescindir y que ostente un interés de tal envergadura que impida se dicte una decisión sin lesionar y afectar radicalmente sus derechos. Es decir, el ELA y el DTOP no figuran ser parte indispensable en el pleito, por lo que el TPI no incurrió en error.

Ahora bien, en nuestro análisis dual de si procede expedir el presente recurso, nos encontramos ante la denegatoria de una moción de carácter dispositivo. No obstante, esta no cumple con criterio alguno de los enumerados en la Regla 40, por lo que procede su denegatoria.

**IV**

Por todo lo anteriormente expuesto, resolvemos no expedir el auto de *certiorari* presentado.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solis
Secretaria del Tribunal de Apelaciones